HONORABLE JAMES L. ROBART

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

| | |
|---|---|
| ALISHA CARRIGAN and BREE LUARK, on their own behalf and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>WAYFAIR LLC and WAYFAIR INC.,<br><br>Defendants. | Case No. 2:26-cv-02435-JLR<br><br>**DEFENDANTS WAYFAIR LLC'S AND WAYFAIR INC.'S RESPONSE TO ORDER TO SHOW CAUSE**<br><br>**Note Date**: November 4, 2026 |

Plaintiffs allege a concrete injury under the Commercial Electronic Mail Act ("CEMA") sufficient to establish Article III standing. Although Plaintiffs do not allege reliance or actual damages, their Consolidated Class Action Complaint ("CAC") alleges the very harms—harassment, nuisance, and deception—that the Washington Legislature enacted CEMA to prevent and that have traditionally been actionable in American courts. Removal was proper, and this Court has jurisdiction. But if the Court has any doubt, it should stay this case pending the Ninth Circuit's resolution of this precise issue in *Montes v. Penney OpCo, LLC*, Nos. 25-8045, 26-241 (9th Cir.) (*Montes II*)—consistent with this Court's recent practice as well as the approach taken by other judges in this District, who have recently stayed more than 30 similar cases.



**BALLARD SPAHR LLP**
ONE FRONT STREET, SUITE 2600
SAN FRANCISCO, CALIFORNIA 94111-5401
415.318.2772 FAX: 424.731.8301

# I. BACKGROUND

Plaintiffs assert two causes of action: (1) a CEMA violation for sending emails with subject lines that allegedly misrepresent the duration of Wayfair's promotions and (2) a derivative CPA claim. (CAC ¶¶ 134–150.) Plaintiffs allege that Wayfair "spam[s] Washington consumers" with subject lines such as "FINAL HOURS," "ENDS TONIGHT," and "TODAY ONLY" despite later extending those sales, and that this "false urgency wastes consumers' time" and "floods consumers' email inboxes." (*Id.* ¶¶ 4–6, 50–97, 114–122.) Plaintiffs filed their respective actions in Washington state court, and Wayfair removed them to this Court under the Class Action Fairness Act. *See* Dkt. 27. The Court subsequently consolidated Plaintiffs' actions, Dkt. 28, and Plaintiffs filed the operative CAC on October 2, 2026, Dkt. 32. On October 6, 2026, the Court ordered Wayfair to show cause why this matter should not be remanded or stayed. Dkt. 33.

# II. ARGUMENT

## A. Plaintiffs Have Article III Standing

Article III requires pleading (i) an "injury in fact"; (ii) fairly traceable to the defendant's conduct; and (iii) likely redressable by a favorable decision. *Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*, 528 U.S. 167, 180–81 (2000). At the pleading stage, courts determine whether the plaintiff has alleged facts that, if proven, would establish injury-in-fact. *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016) (*Spokeo I*). Intangible injuries are concrete where the plaintiff "suffered a harm that has traditionally been actionable in our nation's legal system," *Popa v. Microsoft Corp.*, 153 F.4th 784, 791 (9th Cir. 2025)—particularly when in "precisely the form the statute was intended to guard against." *Havens Realty Corp. v. Coleman*, 455 U.S. 363, 373 (1982). "[S]ome statutory violations, alone, do establish concrete harm." *Robins v. Spokeo, Inc.*, 867 F.3d 1108, 1112–13 (9th Cir. 2017) (*Spokeo II*). Where a statute is a "substantive provision that protects concrete interests," plaintiffs need not plead harm beyond the statutory violation. *Eichenberger v. ESPN, Inc.*, 876 F.3d 979, 982–84 (9th Cir. 2017). The right to truthful information establishes



BALLARD SPAHR LLP
ONE FRONT STREET, SUITE 2600
SAN FRANCISCO, CALIFORNIA 94111-5401
415.318.2772 FAX: 424.731.8301

Article III standing when a statute creates a substantive entitlement to accurate information and a plaintiff alleges deprivation of that right. *See Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 966–67 (9th Cir. 2018).

Plaintiffs established standing by alleging Wayfair violated their statutory right under CEMA to truthful email subject lines—here, truthful statements about the "duration or availability of a promotion." (CAC ¶ 122 (citation omitted).) The Washington Attorney General "request[ed] this legislation" due to rising consumer complaints about spam. *See* Senate Bill Report on Substitute House Bill 2752 (Feb. 23, 1998) at 1. The Washington Supreme Court recognized that "CEMA sought to give consumers relief from commercial spam e-mail by requiring accuracy and truthfulness in the subject lines." *Brown v. Old Navy, LLC*, 567 P.3d 38, 41 (Wash. 2025). Under CEMA, the injury *is* receiving an e-mail containing false or misleading information. *Id.* at 42. The statute is a "substantive provision that protects concrete interests," *Eichenberger*, 876 F.3d at 982, and imposes procedural requirements that, if violated, subject the sender to strict statutory civil damages. *Brown*, 567 P.3d at 42.

Receipt of unwanted marketing material and deprivation of truthful information satisfy Article III standing. *See Hall v. Smosh Dot Com, Inc.*, 72 F.4th 983, 986 (9th Cir. 2023); *Lupia v. Medicredit, Inc.*, 8 F.4th 1184, 1192 (10th Cir. 2021); *Havens Realty Corp.*, 455 U.S. at 374–75; *Davidson*, 889 F.3d at 966–67. Plaintiffs allege precisely such injuries: Wayfair "spam[s] Washington consumers, including Plaintiffs," its subject lines' "false urgency wastes consumers' time" and "floods consumers' email inboxes," and each Plaintiff personally received Wayfair emails falsely announcing that sales were ending—Carrigan in 2023 and Luark in 2025. (CAC ¶¶ 4–5, 114–120.) They also allege the informational injury recognized in *Davidson*: by "stuffing consumer inboxes with such misinformation," Wayfair ensures that recipients "lack the accurate details needed to make educated buying decisions." (*Id.* ¶ 72; *see also id.* ¶¶ 41, 49); *see Davidson*, 889 F.3d at 969–70.



**BALLARD SPAHR LLP**
ONE FRONT STREET, SUITE 2600
SAN FRANCISCO, CALIFORNIA 94111-5401
415.318.2772 FAX: 424.731.8301

Courts remanding CEMA cases for lack of standing—including those cited in the Court's Order—have done so where plaintiffs failed to plead "a harm that has traditionally been actionable." *Nuri v. True Religion Apparel*, 2026 WL 864886, at *2 (W.D. Wash. Mar. 30, 2026). Here, Plaintiffs *do* plead such harms, challenging Wayfair's "harassment of Washington consumers," invoking CEMA's purpose of protecting consumers from "the annoyance and harassment caused by the burgeoning spam email industry," and alleging harms that "resemble the type of harms remedied by nuisance or fraud actions." (CAC ¶¶ 1, 8, 28, 114 (citation omitted).) *See Van Patten v. Vertical Fitness Grp., LLC*, 847 F.3d 1037, 1043 (9th Cir. 2017) ("Actions to remedy defendants' invasions of privacy, intrusions upon seclusion, and nuisance have long been heard by American courts.").

The Ninth Circuit has implicitly found Article III standing for similar injuries alleged under CEMA. *See Gordon v. Virtumundo, Inc.*, 575 F.3d 1040, 1062–64 (9th Cir. 2009) (reaching the merits of CEMA claims involving deceptive email subject lines). Courts in this District have *explicitly* held that receipt of deceptive commercial emails violating CEMA confers standing. *Liss v. Skechers USA, Inc.*, 2026 WL 1392327 (W.D. Wash. May 19, 2026) (finding Article III standing where defendant allegedly "blasts" Washington consumers, and "spammed" plaintiffs with allegedly deceptive commercial emails); *DeVivo v. Sheex Inc.*, 2026 WL 1734589 (W.D. Wash. June 16, 2026) (same).

Dozens of recently decided CEMA motions to dismiss reflect an implicit finding of jurisdiction. *See, e.g.*, *Meade v. Profusion Cosmetics Corp.*, 2026 WL 2098093 (W.D. Wash. July 16, 2026). And notably, Plaintiffs' counsel appears to agree, arguing in over twenty CEMA actions that jurisdiction exists. *See* Exhibit A.

**B. A Stay Is Warranted**

To the extent this Court has any doubt as to jurisdiction, it should stay this action, consistent with this Court's recent practice. Courts have inherent power to stay proceedings "pending



BALLARD SPAHR LLP
ONE FRONT STREET, SUITE 2600
SAN FRANCISCO, CALIFORNIA 94111-5401
415.318.2772 FAX: 424.731.8301

resolution of independent proceedings which bear upon the case." *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979). A stay is appropriate where (1) possible damage from the stay is minimal, (2) hardship from proceeding is substantial, and (3) the stay serves orderly justice by simplifying issues and questions of law. *See Arcand v. Catalyst Brands LLC*, 2026 WL 369417, at *2–3 (W.D. Wash. Feb. 10, 2026). All three factors favor a stay.

*First*, no party will be damaged by a brief pause. This case is in its infancy—Plaintiffs filed the CAC on October 2, 2026, no discovery has commenced, and no trial date is set—and briefing in *Montes II* is complete. Thus, this case does not present the type of "lengthy and indefinite stay[]" that risks "plac[ing] a plaintiff effectively out of court." *Blue Cross & Blue Shield of Ala. v. Unity Outpatient Surgery Ctr., Inc.*, 490 F.3d 718, 724 (9th Cir. 2007).

*Second*, allowing litigation to unfold while the Ninth Circuit considers overlapping legal issues would impose unnecessary costs and risk inconsistent rulings. In the decision under review in *Montes II*, the Eastern District of Washington held the plaintiff lacked Article III standing for failure to allege concrete harm. *Montes v. Catalyst Brands LLC*, 2025 WL 3485827 (E.D. Wash. Dec. 4, 2025). The threshold question regarding CEMA standing absent allegations of actual reliance and injury should be resolved first to address the district courts' split.[1]

*Third*, a stay promotes orderly justice. A *Montes II* resolution would simplify or eliminate the issues. The Ninth Circuit's guidance on Article III standing "will almost certainly simplify the issues in this case and serve the goal of advancing judicial efficiency." *Arcand*, 2026 WL 369417, at *3. On the other hand, remanding instead of staying this case risks multiplying these proceedings and wasting judicial and attorney resources if *Montes II* clarifies Plaintiffs' standing and Wayfair removes this action a second time.

[1] Wayfair maintains that the Washington Supreme Court's decision in *Montes v. SPARC Grp., LLC*, 586 P.3d 999 (Wash. 2026), is dispositive of Plaintiffs' derivative CPA claim because Plaintiffs have failed to allege any "objective economic loss." That decision, however, is currently on appeal. *Montes v. SPARC Grp., LLC*, No. 23-35496 (9th Cir.) (*Montes I*). Thus, to the extent the Court has any doubt regarding the scope or application of *Montes*, a stay would serve judicial economy by allowing the Ninth Circuit additional time to resolve the pending appeal.



**BALLARD SPAHR LLP**
ONE FRONT STREET, SUITE 2600
SAN FRANCISCO, CALIFORNIA 94111-5401
415.318.2772 FAX: 424.731.8301

For these reasons, this Court has recently stayed at least two CEMA actions pending the *Montes II* appeal. *See Sheffield v. Fat Brain Toys LLC*, No. 3:26-cv-05781-JLR, Dkt. 36 (W.D. Wash. Oct. 7, 2026); *Meade v. Apollo Neuroscience, Inc.*, No. 3:26-cv-05734-JLR, Dkt. 29 (W.D. Wash. Oct. 8, 2026). The Court's recent practice is consistent with the practice of other judges in this District who have recently stayed at least ***thirty-two*** additional CEMA cases pending the *Montes II* appeal. *See, e.g.*, *Liss v. Skechers USA, Inc.*, 2026 WL 2500999, at *2 (W.D. Wash. Aug. 25, 2026) (Estudillo, J.) (staying action pending *Montes I* and *II* appeals and subsequently staying 11 additional actions in reliance on that ruling); *Meadows v. Lands' End, Inc.*, 2026 WL 2581947, at *3 (W.D. Wash. Sept. 1, 2026) (Settle, J.) (staying action pending *Montes II* appeal and subsequently staying 10 additional actions in reliance on that ruling); *Bajwa v. Nat'l Auto. Parts Ass'n LLC*, 2026 WL 2883409 (W.D. Wash. Sept. 23, 2026) (Jones, J.) (staying action pending *Montes II* appeal and subsequently staying eight additional actions for the same reasons). A stay is similarly warranted here.

**C. This Court's Prior Remand Orders Do Not Compel a Different Result**

Wayfair is aware that this Court has remanded at least four other CEMA cases. *See, e.g.*, *Sigglin v. Authentic Brands Grp.*, No. 26-cv-1593-JLR, Dkt. 19 (W.D. Wash. Aug. 21, 2026). In those orders, this Court relied on *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992), explaining that "[t]he court must reject jurisdiction 'if there is any doubt as to the right of removal in the first instance.'" *Sigglin*, No. 26-cv-1593-JLR, Dkt. 19 at 5 (quoting *Gaus*). Wayfair respectfully submits that *Gaus* does not compel remand here.

The "no doubt" standard addresses uncertainty about jurisdictional *facts*—such as the amount in controversy or citizenship of the parties—not open legal questions about the significance of undisputed facts. *Gaus*, 980 F.2d at 566–67. Where a defendant fails to meet that burden, only then is remand appropriate. *Sigglin v. Sixt Rent a Car, LLC*, 2020 WL 3468220, at *2 (S.D. Cal. June 25, 2020). Here, the jurisdictional facts are undisputed: Plaintiffs allege they



**BALLARD SPAHR LLP**
ONE FRONT STREET, SUITE 2600
SAN FRANCISCO, CALIFORNIA 94111-5401
415.318.2772 FAX: 424.731.8301

received commercial emails with subject lines that allegedly misstated the duration of Wayfair's promotions. The only question is the *legal* significance of those allegations under Article III. Courts routinely retain jurisdiction while novel legal questions are decided; legal uncertainty does not trigger the *Gaus* test. *Jauregui v. Roadrunner Transp. Servs., Inc.*, 28 F.4th 989, 992–93 (9th Cir. 2022) (district court's application of *Gaus* improperly "put[] a thumb on the scale against removal" by assuming "removal under CAFA should be met with a level of skepticism and resistance").

## III. CONCLUSION

Plaintiffs have standing. However, if the Court has any doubt, it should stay this case pending *Montes II*.

DATED: October 21, 2026

BALLARD SPAHR LLP

By: *s/ Meegan Brooks*

Meegan Brooks, WSBA No. 62516
One Front Street, Suite 2600
San Francisco, California 94111-5401
Telephone: 415.318.2772
brooksm@ballardspahr.com

*Attorneys for Defendants Wayfair LLC and Wayfair Inc.*

I certify that this brief contains 2,000 words in compliance with the Court's Order to Show Cause, Dkt. 33.

# EXHIBIT A



**BALLARD SPAHR LLP**
ONE FRONT STREET, SUITE 2600
SAN FRANCISCO, CALIFORNIA 94111-5401
415.318.2772 FAX: 424.731.8301

| Case | Case No. | Date | Filing | ECF No. | Language re: Article III Standing |
|---|---|---|---|---|---|
| *DeVivo v. Sheex Inc.* | 3:25-cv-05807-DGE | 4/2/2026 | OSC Response | 29 | Because Plaintiff has alleged concrete injuries sufficient to satisfy Article III, remand on standing grounds is not required. |
| *Isbell v. Bebe Stores, Inc.* | 2:25-cv-02388-BJR | 5/29/2026 | OSC Response | 41 | Because Plaintiffs have alleged concrete injuries sufficient to satisfy Article III, remand on standing grounds is not required. |
| *Wade v. Elemis USA, Inc.* | 2:26-cv-00515-KKE | 6/1/2026 | OSC Response | 36 | [S]he plainly has Article III standing |
| *Haley v. Tommy Bahama Grp. Inc.* | 2:25-cv-01969-BJR | 6/8/2026 | OSC Response | 55 | Plaintiffs agree with Tommy Bahama that they have adequately alleged the 'irreducible constitutional minimum' of Article III standing: injury in fact, traceability, and redressibility. |
| *Hutton v. O5 BNG, LLC* | 2:26-cv-00976-JLR | 6/23/2026 | OSC Response | 34 | Plaintiff has standing. |
| *Isbell v. Jonathan Adler Enters., LLC* | 2:25-cv-02596-KKE | 7/1/2026 | OSC Response | 33 | Plaintiff has Article III standing. |
| *Cultrara v. Timex Grp. USA, Inc.* | 2:26-cv-00445-KKE | 7/1/2026 | OSC Response | 37 | Cultrara has Article III standing . . . . |
| *Bennett v. Perf Opco, LLC* | 2:26-cv-01822-KKE | 7/1/2026 | OSC Response | 24 | Plaintiff's Article III standing is not at issue in this case. |
| *Erwin v. Tea Living, Inc.* | 2:26-cv-01966-KKE | 7/1/2026 | OSC Response | 23 | Consistent with the rulings of this District, Plaintiff has standing. |
| *Iniguez v. Restoration Hardware, Inc.* | 3:26-cv-05386-BHS | 7/27/2026 | Response to Motion to Stay | 32 | [P]articularly where he plainly has Article III standing |
| *Hutton v. Reinalt-Thomas Corp.* | 2:25-cv-02008-TL | 7/29/2026 | OSC Response | 47 | Hutton agrees with Reinalt-Thomas that he has Article III standing . . . . |
| *Rice v. Hilton Grand Vacations Inc.* | 2:25-cv-02205-TL | 7/29/2026 | OSC Response | 49 | That should be the end of the matter. Plaintiff has Article III standing. |



**BALLARD SPAHR LLP**
ONE FRONT STREET, SUITE 2600
SAN FRANCISCO, CALIFORNIA 94111-5401
415.318.2772 FAX: 424.731.8301

| Case | Case No. | Date | Filing | ECF No. | Language re: Article III Standing |
|---|---|---|---|---|---|
| *Bennett v. Footwear Unlimited, Inc.* | 2:26-cv-00822-TL | 7/30/2026 | OSC Response | 42 | Plaintiff agrees with Footwear Unlimited that she has Article III standing . . . . |
| *Erwin v. Williams-Sonoma, Inc.* | 2:26-cv-01310-TL | 7/30/2026 | OSC Response | 47 | Plaintiff has Article III standing. |
| *Mott v. Beis, LLC* | 2:26-cv-00072-SAB | 8/13/2026 | Response to Motion to Stay | 28 | There is likewise no question on this record that Plaintiff satisfies Article III's standing requirements. |
| *Erwin v. Topo Designs, LLC* | 2:26-cv-01800-RSM | 8/14/2026 | OSC Response | 25 | Plaintiff's Article III standing is not at issue in this case. |
| *Ryu v. Cotton On USA, Inc.* | 2:25-cv-02459-LK | 8/17/2026 | Response to Motion to Stay | 35 | Plaintiffs agree with Cotton On that they have Article III standing . . . . |
| *Tolentino v. Office Depot LLC* | 2:26-cv-02350-RAJ | 8/18/2026 | Response to Motion to Stay | 23 | Plaintiff agrees with Office Depot that she has Article III standing. |
| *Brooks v. SkinnyCorp, LLC* | 2:26-cv-02441-TL | 8/28/2026 | Response to Motion to Stay | 17 | Plaintiff agrees with Threadless that he has Article III standing. |
| *Meade v. Apollo Neuroscience, Inc.* | 3:26-cv-05734-JLR | 9/23/2026 | OSC Response | 26 | Plaintiff submits that remand is not required because Article III standing is satisfied here. |
| *Agnew v. Macy's Retail Holdings, LLC* | 2:25-cv-02006-JHC | 9/25/2026 | OSC Response | 64 | Plaintiffs have standing. |



**BALLARD SPAHR LLP**
ONE FRONT STREET, SUITE 2600
SAN FRANCISCO, CALIFORNIA 94111-5401
415.318.2772 FAX: 424.731.8301